FILED

NOT FOR PUBLICATION

OCT 19 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>   v.<br><br>**SEONG UG SIN,**<br><br>        Defendant - Appellant. | No. 11-30378<br><br>D.C. No. 3:10-cr-05332-RBL-1<br><br>**MEMORANDUM**[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 3, 2012
Spokane, Washington

Before:    **KOZINSKI**, Chief Judge, **CHRISTEN** and **WATFORD**, Circuit
Judges.

   **1.** The district judge didn't abuse his discretion by denying Sin's motion to

exclude the breathalyzer evidence. "[T]he method by which a breathalyzer works"

wasn't challenged on appeal, and allegations of procedural error in the way the

---

   [*]    This disposition isn't appropriate for publication and isn't precedent
except as provided by 9th Cir. R. 36-3.

tests were administered go to reliability rather than admissibility.  United States v. Brannon, 146 F.3d 1194, 1196–97 (9th Cir. 1998).

**2.**  The government's late production of the Coast Guard cell phone recordings doesn't come close to violating due process.  See United States v. Cuellar, 96 F.3d 1179, 1182 (9th Cir. 1996).  And it didn't prejudice Sin because he received the recordings in time to make use of them during the Daubert hearing and at trial.  See United States v. Price, 566 F.3d 900, 907 (9th Cir. 2009); United States v. Ross, 372 F.3d 1097, 1110 (9th Cir. 2004).

**3.**  Sin cited no on-point authority supporting his argument that a three-day travel delay violated his Sixth Amendment rights.  He also failed to show "demonstrable prejudice, or substantial threat thereof," arose from the delay.  See United States v. Morrison, 449 U.S. 361, 365 (1981).

**4.**  The trial court didn't err by declining to read Sin's requested "theory of defense" jury instruction, as the instruction was intended "to compel a certain resolution to a disputed question of fact."  United States v. Sarno, 73 F.3d 1470, 1485 (9th Cir. 1995).

**5.** Viewing the evidence from the breathalyzer tests and the testimony presented at trial "in the light most favorable to the prosecution," a rational jury "could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Rocha, 598 F.3d 1144, 1153 (9th Cir. 2010).

**AFFIRMED**.